IN THE UNITED STATES DISTRICT COURT
FOR THE FEDERAL COURT MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JULIO ALONZO ALVAREZ<br>CHOC ex rel. MATEO BA TUT and<br>AURELIA CHE CUZ DE BA,<br><br>    Plaintiffs,<br>vs.<br><br>METROPOLITAN GOVERNMENT OF<br>NASHVILLE & DAVIDSON COUNTY,<br>TENNESSEE and METRO<br>NASHVILLE PUBLIC SCHOOLS and<br>ESKOLA LLC and JR. ROOFING &<br>CONSTRUCTION LLC and BUILDERS<br>MUTUAL INSURANCE COMPANY,<br><br>    Defendants. | CASE NO.: 3:24-CV-00836<br><br>**Judge Crenshaw**<br>**Magistrate Judge Frensley**<br><br>**JURY DEMAND** |

**DEFENDANT JR ROOFING & CONSTRUCTION LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Jr. Roofing & Construction LLC, ("JR Roofing"), by and through counsel, submit this Reply to Plaintiff's Response in Opposition to Defendant JR Roofing's Motion to Dismiss.

1. **Plaintiff failed to proffer any factual matter for which this Court could reasonable concluded that the Exclusive Remedy Doctrine does not apply to Plaintiff's Negligence and Negligence Per Se Claims.**

In his Response to Jr. Roofing's Motion to Dismiss ("Response"), Plaintiff failed to offer any factual basis as to why Plaintiff is *not* be barred from bringing a tort lawsuit under the Exclusive Remedy Doctrine.[1] Instead, Plaintiff focuses a large portion of his response on

---

[1] Tenn. Code. Ann. §§ 50-6-405(a).

whether the wording and characterization of facts in Jr. Roofing's motion exceed the boundaries set forth by Rule 12(b)(6).[2]

Plaintiffs have the burden to plead a "complaint that contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[3] This standard can only be meet if the Plaintiff "pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"[4] and cannot be met if such a pleading provides only "mere conclusory statements" or "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[5] But the factual content on which Plaintiff's argument relies have no bearing on the applicability of the Exclusive Remedy Doctrine.

First, Plaintiff suggests his allegation that Defendant Builders "intentionally flouted" a non-statutory requirement to make a decision on compensability in a timely matter allows Plaintiff to evade the Exclusive Remedy.[6] Not so. The Plaintiff is entitled to an exception only if (a) the Decedent was an independent contractor, (b) Jr. Roofing intentionally harmed Decedent, or (c) Jr. Roofing failed to procure and keep workers' compensation insurance, *none of which* are or can be alleged in the Complaint, or can be reasonable inferred by any of the 104 factual allegations raised in the Complaint.

Plaintiff boldly alleges that the Tennessee Workers' Compensation Law ("TWCL") cannot be applied to this case (which arises out of an employee workplace death),[7] essentially claiming that the previous century of case law interpreting TWCL should be disregarded because the statute was amended ten years ago.[8] This argument relies on a weak inference that since the

---

[2] [Doc. 28, pp. 3-4; PageID # 133-34].
[3] *Meyers v. Cincinnati Bd. of Edu.*, 983 F.3d 873, 879 (6th Cir. 2020) (Citations omitted).
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868, 883 (2009)(emphasis added).
[5] *Id*.
[6] [Doc. 28, pp. 4-5; PageID # 134-35].
[7] [Doc. 28, pp. 8; PageID # 137].
[8] *See Id*.

Worker's Compensation Reform Act made some revisions to the Tennessee Workers' Compensation scheme, the entirety of the scheme must have been affected, and courts should essentially start over in interpreting it[9] The Tennessee Supreme Court disagrees, noting that "[t]he pertinent language in Tennessee Code Annotated section 50-6-108, which describes the benefits available under the Workers' Compensation Law as an injured worker's exclusive remedy, has not changed."[10]

Plaintiff has identified no legislative history, statutory language, nor case law that gives the slightest suggestion that the Tennessee Legislature had any intent to modify, tweak, or abrogate the Exclusive Remedy Doctrine provision in the TWCL. Contrary to Plaintiffs' assertion that the courts have "barely begun to analyze" the statutory revisions, Tennessee Courts have interpreted the compensability of workplace injuries in the context of the 2014 amendment on a multitude of occasions.[11]

The Complaint fails to allege any factual basis that would exempt the Plaintiffs from the Exclusive Remedy rule. Accordingly, Plaintiffs have failed to state a claim for which relief can be granted under Counts I and II of their Complaint.

2. **Plaintiff Choc is not a Party in Interest in This Case**

Claims belonging to a Decedent can only be brought by the Decedent's personal representative, or if no personal representative has been appointed, his surviving spouse, or if

---

[9] *See Id*.
[10] *Batey v. Deliver This, Inc.*, 568 S.W.3d 91, 100 (Tenn. 2019)
[11] *See e.g.*, all of which rely on updated statutory language that injury must arise "primarily" out of course and scope of employment and court's updated obligation to construe the statute "fairly" and "impartially" as opposed to "liberally" when determining whether injury was compensable under TWCL: *Pope v. Nebco of Cleveland, Inc.*, 585 S.W.3d 874, 880 (Tenn. 2018; *Rosasco v. W. Knoxville Painters, LLC*, No. E2020-01656-SC-R3-WC, 2021 Tenn. LEXIS 441, at *4 (Nov. 18, 2021); *Pillow v. State*, No. M2019-02274-SC-R3-WC, 2020 Tenn. LEXIS 596, at *10 (Dec. 11, 2020);*Hudgins v. Glob. Pers. Sols. Inc.*, No. E2023-00792-SC-R3-W, 2024 Tenn. LEXIS 86, at *11 (Mar. 5, 2024); *Duck v. Cox Oil Co.*, No. W2016-02261-SC-WCM-WC, 2017 Tenn. LEXIS 734, at *8 (Nov. 21, 2017).

there is no surviving spouse, his next of kin.[12] The Complaint makes clear that Choc is not the Decedent's personal representative, surviving spouse or next of kin. Plaintiff asserts that Decedent's parents are the actual Plaintiffs in this case, not Choc.[13]

The Complaint alleges that the Parents' designated Choc as their attorney in fact, and therefore he may file this lawsuit on their behalf, but the Complaint does not have any power of attorney attached, nor does it describe or incorporate any of the material terms of the Power of Attorney that would give Choc the authority to bring claims on their behalf. The Complaint does not provide any description of the scope of the power of attorney, about when and where it was executed, about whether it complies with state law, or about the rights it bestows. Without this, no plausible claim for relief can be stated, because there are no facts alleged that plausibly convey Choc the right to bring this suit in the first place.

Boiled down to its simplest terms: The first named plaintiff in the Complaint is an individual who lives somewhere in Ohio, who is in some vague, undescribed way related to two residents of Guatamala who he claims to be the parents of the Decedent, and that plaintiff seeks to bring claims for unpaid overtime on behalf of the Decedent's co-workers, with whom the plaintiff has no actual knowledge, relationship, or connection; and yet he could not provide the Court with a copy of the document, or even the language in the document, granting him the authority to pursue those claims. The mere conclusory assertion that Choc has broad power of attorney for the Decedent's parents does not create a plausible claim.

Finally, under the terms of the FLSA, aside from actions by the Department of Labor, unpaid overtime claims may be brought only by "by any one or more employees for and in

---

[12] Tenn. Code Ann. § 20-5-107.
[13] [Doc. 28, pp. 4-5; PageID # 134-35].

behalf of himself or themselves and other employees similarly situated."[14] While the FLSA does not speak to whether an employee's rights under the FLSA survive to their heirs and personal representatives, a handful of Federal District Courts and the Court of Federal Claims have held they do.[15] But no Court has held, to the best of Jr. Roofing's knowledge, that that right extends to a representative of a representative of the decedent. Nowhere in the statute does it suggest that any party, especially one with no previous employer-employee relationship with the employer, nor is an actual successor in interest to decedent, may maintain an FLSA action on the behalf of the employees of the Defendant.[16] To the Contrary, the FLSA was amended nearly 80 years ago to specifically *remove* language that permitted employees to designate an agent or representative on their behalf to bring an FLSA action.[17]

Plaintiff's response fails to show that Choc is a real party in interest to this matter. Because Choc is not a real party in interest to the Decedent's FLSA claims, he cannot maintain this cause against Jr. Roofing. Accordingly, Count III of the Complaint should be dismissed.

## CONCLUSION

Defendant respectfully request this Court dismiss Plaintiff's complaint against Defendant, Jr. Roofing, LLC, under FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6) and award Defendant its costs and attorneys' fees pursuant to TENNESSEE CODE ANNOTATED § 20-12-119(c).

This the 6th day of September, 2024.

---

[14] *See* 29 USCS 216(b).
[15] *See Acebal v. United States*, 60 Fed. Cl. 551, 557 (2004)
[16] *See Id.*
[17] Act May 14, 1947 (applicable as provided by § 5(b) of such Act), in subsec. (b), deleted ", or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated" at the end of the second sentence, and added a third sentence which provided: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C.S. § 216 (LexisNexis, Lexis Advance through Public Law 118-78, approved July 30, 2024).

Respectfully submitted,

MCANGUS GOUDELOCK & COURIE, LLC

/s/ Robert D. Martin
J. PAUL BREWER, 025289
ROBERT D. MARTIN, 034338
Post Office Box 2949
120 Brentwood Commons Way, Suite 625 (37027)
Brentwood, Tennessee 37024
Phone: (615) 499-7279
Facsimile: (615) 523-1496
Email: paul.brewer@mgclaw.com

ATTORNEYS FOR JR. ROOFING, LLC

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Kerry Lee Dietz<br>Michael G. Stewart<br>Stranch, Jennings & Garvey, PLLC<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, TN 37203<br>kdietz@stranchlaw.com<br>mstewart@stranchlaw.com<br>Tel: (615) 254-8801<br>*Attorneys for Plaintiff* | David L. Johnson (TN BPR #018732)<br>W.W. Frank Wilbert (TN BPR #23090)<br>Lieselotte M. Carmen-Burks (AL Bar#8304T46E)<br>Butler Snow LLP<br>150 Third Avenue South, Suite 1600<br>Nashville, Tennessee 37201<br>David.Johnson@butlersnow.com<br>Frank.Wilbert@butlersnow.com<br>Liesel.Carmen-Burks@butlersnow.com<br>Phone: (615) 651-6700<br>Fax: (615) 651-6701<br>*Attorneys for Defendant Eskola LLC* |
| Melissa Roberge<br>Metropolitan Courthouse, Suite 108<br>P.O. Box 196300<br>Nashville, TN 37219<br>melissa.roberge@nashville.gov<br>Tel: (615) 862-6341<br>*Attorney for Defendants Metro Nashville Public Schools and Metropolitan Government of Nashville & Davidson County, Tennessee* | E. Jason Ferrell<br>Brewer Krause Brooks Chastain & Meisner, PLLC<br>545 Mainstream Drive, Suite 101<br>Nashville, TN 37228<br>Tel: (615) 630-7716<br>jferrell@bkblaw.com<br>*Attorney for Defendant Builders Mutual Insurance Company* |

       This the __6th___ day of September, 2024.

       /s/ Robert D. Martin
       ROBERT D. MARTIN