UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JULIO ALONSO ALVAREZ CHOC *ex. rel.* MATEO BA TUT and AURELIA CHE CUZ DE BA, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:24-cv-00836 ) |
| METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY, TENNESSEE, *et al.*, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

In reviewing the pending motions to dismiss (see Doc. Nos. 11, 22, 24, 36), the Court has become increasingly concerned about whether it has subject matter jurisdiction. This lawsuit was filed by "Plaintiffs, Mateo Ba Tut and Aurelia Che Cuz de Ba, parents of young Denis Ba Che, by and through their representative Julio Alonzo Alvarez Choc." (See Doc. 1-1 at 1). Plaintiffs "bear the burden of persuading the court that it has subject matter jurisdiction." Am. Fed. of Gov.'t Emps. v. Clinton, 180 F.3d 727, 729 (6th Cir. 1999). Here, however, there are no factual allegations that Mateo Ba Tut and Aurelia Che Cuz de Ba have legal authority to bring a lawsuit on behalf of Denis Ba Che, or, if so, whether they properly delegated that authority to Julio Alonzo Alvarez Choc. Tennessee law is clear: "No person shall presume to enter upon the administration of any deceased person's estate until the person has obtained letters of administration or letters testamentary." Tenn. Code Ann. § 30-1-101. There are no factual allegations in the Complaint that Plaintiffs have satisfied Tennessee law. The Court questions Plaintiffs' standing to bring this case.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citation omitted). And it "*must* resolve a threshold jurisdictional issue like standing before reaching the 'merits' of a case." Kitchen v. Whitmer, 106 F.4th 525, 533 (6th Cir. 2024) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 92–102 (1998)) (emphasis added).

Accordingly, the pending motions to dismiss (Doc. Nos. 11, 22, 24, 36) are **DENIED WITHOUT PREJUDICE.** On or before **April 2, 2025,** Plaintiffs shall show cause why they have standing to bring this lawsuit. On or before **April 30, 2025,** Defendants shall file a combined response to Plaintiffs' filing.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

2
Case 3:24-cv-00836   Document 50   Filed 03/05/25   Page 2 of 2 PageID #: 425