IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JULIO ALONZA ALVAREZ CHOC ex rel. MATEO BA TUT and AURELIA CHE CUZ DE BA, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 3:24-CV-00836 |
| v. | )<br>) Judge Crenshaw |
| METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY, TENNESSEE, et al. | ) Magistrate Judge Frensley<br>)<br>) JURY DEMAND |
| Defendants. | )<br>) |

### METRO DEFENDANTS'[1] MOTION TO RECONSIDER THE ORDER REMANDING THE CASE

The Metro Defendants ask that the Court reconsider its remand order and reopen the case because the Court has diversity jurisdiction. Even though Plaintiffs' dismissal of the federal claims robs this Court of federal question jurisdiction, the dismissal does not destroy diversity jurisdiction. Thus, remand is not appropriate.

Under Local Rule 7.01(b) when the Court's acts on a "motion prior to the time allowed for response…the affected party may file a motion to reconsider the Court's ruling within fourteen days." Plaintiffs moved to Remand on March 31, 2025, without consulting the Defendants as required by Local Rule 7.01(a). (Doc. No. 55.) If the Parties had conferred as required, the Metro Defendants would have conveyed their intent to oppose the motion. The Metro Defendants were finalizing their response to the Plaintiffs' motion when the Court entered the order remanding the case to state court. (Doc. No. 57.) And are filing their motion to reconsider on the same day.

---

[1] For purposes of this Motion, the Metro Defendants are Metro Nashville and Metro Nashville Public Schools.

The Metro Defendants respectfully ask that the Court reconsider its order remanding the case because it did not have the opportunity to consider that there is no bar to it exercising diversity jurisdiction. *See* Fed. R. Civ. P. 54(b) (granting courts the authority to reconsider interlocutory orders); Fed. R. Civ. P. 60 (grounds for relief from judgment include surprise and clear errors of law).

I.  **Procedural history**

Plaintiffs, citizens of Guatemala and Ohio, sued four Defendants: (1) Metro Nashville/MNPS; (2) Eskola LLC; (3) JR. Roofing & Construction LLC; and (4) Builders Mutual Insurance Company in the Circuit Court for the Twentieth Judicial District of Tennessee on May 31, 2024. (Compl. ¶¶ 1, 2, Doc. No. 1-1.) None of the Defendants are domiciled in Guatemala or Ohio. (Compl. ¶¶ 3–7.) Metro Nashville, Eskola, and JR Roofing are all citizens of Tennessee. The Complaint does not address Builders Mutual Insurance Company's domicile; it alleges only that Builders provides insurance in Tennessee.[2] Because the Complaint raised federal claims, Defendant Eskola, with the other defendants' consent, removed the case to this Court based on federal question jurisdiction. (Notice of Removal ¶ 7, Doc. No. 1.) All Defendants then moved to dismiss. (Doc. Nos. 11, 22, 24, 36.)

After the motions were fully briefed, the Court asked the Plaintiffs to "show cause why they have standing to bring this lawsuit."[3] (Order of March 5, 2025, Doc. No. 50.) Plaintiffs responded by dismissing their federal claims. (Notice of Dismissal, Doc. No. 54.) Plaintiffs then sought to remand based on that dismissal, claiming that the Court no longer had jurisdiction over the case. (Motion to Remand, Doc. No. 55.) The Court ordered the case

---

[2] Based on its website, Builders Mutual Insurance Company appears to be domiciled in North Carolina. *See* https://www.buildersmutual.com/about-us .

[3] The Metro Defendants are not conceding the Plaintiffs have standing to bring any claim. For purposes of this Motion only, the Metro Defendants are assuming that Plaintiffs have standing. If Plaintiffs have standing, then as explained below, this Court has jurisdiction.

remanded on April 2, 2025, because the federal causes of action had been dismissed. (Doc. No. 57.)

**II. Reconsideration is warranted because this Court retains original jurisdiction because the parties are diverse and the amount in controversy is over $75,000.**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction exists when (1) the case arises under federal law, or (2) the case is between "citizens of different states" and involves more than $75,000. 28 U.S.C. § 1331 (federal question jurisdiction); § 1332(a) (diversity jurisdiction). When a complaint is filed in state court, it can be removed to federal court if it contains federal claims or diversity jurisdiction exists. 28 U.S.C. § 1441(a), (b).

After an inquiry into their standing, Plaintiffs dismissed their federal claims and asked the Court to remand to state court because only state law claims remain. If the Court only had supplemental jurisdiction over the state law claims, then remand would be appropriate. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 49 (2025). But here, the dismissal of the federal claims does not deprive the Court of diversity jurisdiction; the Complaint establishes that the parties are diverse and the amount in controversy requirement is met. Remand is therefore not appropriate.

First, Plaintiffs are citizens of Guatemala and residents of Ohio; Defendants are not. (Compl. ¶¶ 3–7.) Second, the amount in controversy exceeds $75,000. "In determining diversity jurisdiction, the amount in controversy is measured by the value of the object of litigation." *Northup Props., Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 770 (6th Cir.2009). Plaintiffs allege that Defendants are responsible for the death of Denis Ba Che, whose life has a value that exceeds the required amount. *Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1375 (S.D. Ala. 2009) ("No citation to past results, however, is necessary to

support the Court's conclusion that the wanton taking of human life puts more than $75,000 in controversy."). Given this independent basis for jurisdiction, there is no basis for remanding the case.

The Court may be concerned that the "forum defendant rule" ("the rule") requires remand. That is not the case, as that rule addresses removal. The issue here is remand. And the forum defendant rule is procedural. It does not change the substantive grant of jurisdiction and would not bar this case from continuing in this forum.

The rule prohibits a defendant from removing a case if the defendant is a citizen of the forum state. 28 U.S.C. § 1441(b)(2). The plain language of the statute is limited to removal; it says nothing about remand. It also does not affect this Court's original jurisdiction over diverse matters. Moreover, the Sixth Circuit has recognized that it is a procedural rule, not a substantive one. *Plastic Moldings Corp. v. Park Sherman Co.*, 606 F.2d 117, 119 n.1 (6th Cir. 1979) (noting that the case was not removable under 1441(b) but was nonetheless within the district court's original jurisdiction, and that the plaintiff had waived any objection to removal by not timely objecting); *Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 511 n.2 (6th Cir. 2012) (citing *Plastic Moldings* for the holding that "1441(b)(2) is non jurisdictional and must be raised by the plaintiff in a motion to remand").

Accordingly, the initial inability to remove the case based solely on diversity jurisdiction has no bearing on the Court's diversity jurisdiction now. *Id.* Indeed, the eastern district of Pennsylvania reached that conclusion in *Clary v. Pa. State Univ.*, No. 24-CV-6793, 2025 WL 757071 (E.D. Penn. Mar. 7, 2025). Like this case, plaintiff dismissed their federal claims from the complaint after it had been properly removed to federal court based on the presence of a federal question. *Id.* at *1–2. The court rejected the application of the rule to the decision to remand because 1) based on the statute's text, the rule only applies to

removal, not subject matter jurisdiction throughout the case; 2) the rule applies only when diversity is the sole basis for removal, which was not case when there was a federal question present; and 3) the rule is procedural, not jurisdictional. *Id.* at *3. This Court should follow the *Clary* court's cogent reasoning, reconsider its Order remanding the case and deny Plaintiff's motion.

Simply put, dismissal of the federal claims has no bearing on the requirements of diversity jurisdiction. Because there is a basis for this Court to exercise jurisdiction, the Plaintiff's motion should have been denied. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988), *overruled on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 710 (1996) ("The court had diversity jurisdiction over the case, which is not discretionary").

## CONCLUSION

Plaintiffs' voluntary dismissal of their federal claims does not warrant remand when diversity jurisdiction exists. As pled, the Plaintiffs are diverse from the Defendants. And the amount in controversy is over $75,000.

Respectfully submitted,

DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

*/s/ Melissa Roberge*
MELISSA ROBERGE (#26230)
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, TN 37219
(615) 862-6341
melissa.roberge@nashville.gov
*Counsel for the Metro Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served via CM/ECF or electronic mail to:

| | |
|---|---|
| Karla M. Campbell<br>Michael G. Stewart<br>Isaac Kims<br>Stranch, Jennings, & Garvey, PLLC<br>223 Rosa L. Parks Avenue<br>Suite 200<br>Nashville, TN 37203 | David L. Johnson<br>W.W. Frank Wilbert<br>Lieselotte M. Carmen-Burks<br>Butler Snow LLP<br>150 Third Avenue South, Suite 1600<br>Nashville, TN 37201 |
| E. Jason Ferrell<br>Brewer Krause Brooks Chastain & Mesner, PLLC<br>545 Mainstream Drive, Suite 101<br>Nashville, TN 37228 | Robert Martin<br>McAngus, Goudelock & Courie<br>120 Brentwood Commons Way, Suite 625<br>Brentwood, TN 37027 |

on this 2nd day of April 2024.

*/s/ Melissa Roberge*
Melissa Roberge